IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06CV469-03-MU

| | |
|---|---|
| WILLIAM N. RAYNOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| RICK JACKSON; BILLIE J. WEAVER; AND ) | |
| HATTIE PIMPONG ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Reconsideration (Document No. 7) filed November 30, 2006. A review of the record reveals that on November 14, 2006 Plaintiff filed a Complaint under 42 U.S.C. § 1983, (Document No. 1), alleging that Rick Jackson, Superintendent of Lanesboro Correctional, Billie Weaver, Disciplinary Hearing Officer and Hattie Pimpong, Chief Disciplinary Hearing Officer violated his Fourteenth Amendment rights because he was found guilty of an assault on a fellow inmate when the only evidence against him was information provided by a confidential informant.

Plaintiff argues that because this Court mistakenly came to the conclusion that Plaintiff was found in his cell after the assault bleeding from his eye and had blood on his shirt, this Court should reconsider his Complaint. Plaintiff is correct that this Court misstated that Plaintiff was found bleeding. Upon further review of the Complaint and supporting documents, the Court can plainly see that it was the victim and not the Plaintiff that was found bleeding following the assault. However, that fact does not alter the Court's analysis because there was still was "some evidence"

1

supporting the disciplinary decision.

Plaintiff had a disciplinary hearing on June 22, 2006 at which he was found guilty of assault based upon information provided by a confidential informant. Plaintiff appealed and a reinvestigation was ordered on August 25, 2006 in order to determine the credibility of the confidential informant. A second hearing was held at which the disciplinary hearing officer determined that the confidential informant was reliable. Clearly, Plaintiff is unhappy with this result, however, he did receive process. In fact, Plaintiff received two hearings.

## II ANALYSIS

The Supreme Court in Wolff v. McDonnell, 418 U.S. 539 (1974) held that when a liberty interest is at issue, certain procedural safeguards must be followed. However, the Court has also concluded that "[d]iscipline by prison officials in response to wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law." Sandin v. Conner, 515 U.S. 472, 485 (1995) (holding that segregated confinement did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest). The Court has also stated that a decision by a disciplinary board to revoke good-time credits passes scrutiny under the Due Process Claus if there is some evidence in the record to support the conclusions. Superintendent, Mass. Correctional Inst. V. Hill, 472 U.S. 445, 454 (1985). Federal Courts will not review the entire record, weigh evidence or assess witness credibility. Id. at 455-56. A disciplinary board's findings will be disturbed only when unsupported by any evidence or wholly arbitrary and capricious. Id. at 457; see also Baker v. Lyles, 904 F.2d 925, 933 (4th Cir. 1990) (record of prison disciplinary hearing need not establish reliability of confidential informant to meet "some evidence" standard.)

Plaintiff has received the due process to which he is entitled. Plaintiff concedes that he was

served with a notice of the charge against him, made a statement on his behalf, received an initial hearing on the charge and received a second hearing following his appeal of the decision of the first hearing. The Court finds, as outlined in Superintendent, Mass. Corrrectional Institution v. Hill, that there was "some evidence" to support the decisions of the disciplinary officer in that a confidential informant stated that Plaintiff played a role in the assault of John Aron. Moreover, after Plaintiff questioned the reliability of the confidential informant, a second investigation and hearing were held and the confidential informant's reliability was specifically addressed. This Court will not re-weigh the reliability of the confidential informant when that has already been done twice. See Hill, at 455-56., see also, Baker, 904 F.2d at 933 (4th Cir. 1990) (record of prison disciplinary hearing need not establish reliability of confidential informant to meet "some evidence" standard.).

After careful review of the Plaintiff's Complaint and Plaintiff's Motion for Reconsideration, the Court denies Plaintiff's Motion notwithstanding that fact the Court incorrectly stated in its initial Order that the person found bleeding in his cell was the Plaintiff instead of the victim because this fact does not alter the Court analysis that there is some evidence to support the hearing officer's decision of Plaintiff's guilt and as such Plaintiff received the due process to which he was entitled.

**ORDER**

**NOW, THEREFORE, IT IS HEREBY ORDERED that** Plaintiff's Motion for Reconsideration is denied.

**SO ORDERED**.

Signed: December 1, 2006

Graham C. Mullen
United States District Judge